IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUANA VENEGAS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 14 C 9829 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| AEROTEK, INC., | ) | |
| | ) | |
| Defendant/Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NAVISTAR DEFENSE, LLC, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Juana Venegas, sued her former employer Aerotek, Inc. and its client, Navistar Defense, LLC alleging: violations of the Family and Medical Leave Act ("FMLA") 29 U.S.C. § 2601 et seq. against Aerotek (Counts I and II); pregnancy discrimination, employment agency discrimination, and failure to accommodate pregnancy under the Illinois Human Rights Act ("IHRA") 775 ILCS 5/2-102 et seq. against Aerotek and Navistar (Counts III, IV, V, and VI); promissory estoppel against Aerotek and Navistar (Count VII); breach of contract against Aerotek (Count VIII); negligent infliction of emotional distress against Navistar (Count IX); and tortious interference with contract against Navistar (Count X).

Plaintiff settled with and dismissed with prejudice all claims against Navistar. Aerotek moved for summary judgment on all counts. On March 22, 2016, the court granted Aerotek's motion for summary judgment on all counts, except for Count I (FMLA interference). Venegas v. Aerotek, Inc., 2016 WL 1106861 (N.D. Ill. 2016). The court denied Aerotek's motion as to

Count I because it had concluded that there was a genuine issue of material fact as to whether Aerotek had denied plaintiff benefits to which she was entitled.[1]

Aerotek has moved for reconsideration of this portion of the court's decision. Plaintiff objects to Aerotek's motion and moves for entry of judgment on Count I, or in the alternative, leave to file a motion for summary judgment. For the reasons explained below, Aerotek's motion to reconsider is granted on other grounds and plaintiff's motion is denied.

The court may revise any judgment that does not adjudicate all of the claims and all of the parties' rights and liabilities. Fed. R. Civ. P. 54(b). A motion to reconsider may not introduce new issues or re-try arguments previously rejected. Lock Realty Corp. IX v. U.S. Health, LP, 2010 WL 148296, at *1 (N.D. Ind. 2010), aff'd, 707 F.3d 764 (7th Cir. 2013).

Aerotek's motion to reconsider relies on the mistaken belief that the court found "that it is undisputed that Aerotek did not terminate Plaintiff." Based on this mistaken reading, Aerotek argues that because it did not terminate plaintiff, it cannot have interfered with her FMLA rights. The court, however, never reached this conclusion. Instead, the court found that Navistar alone made the decision to end plaintiff's assignment at Navistar, and that Aerotek did not participate in that decision. Because plaintiff's employment by Aerotek depended on her continued assignment at Navistar, Aerotek subsequently terminated plaintiff's employment. It did so after she had requested FMLA paperwork. Consequently, Aerotek's interpretation of the court's opinion is wrong. In fact, the opinion states that "[t]here is no dispute that Aerotek terminated plaintiff." Venegas, 2016 WL 1106861, at *6.

Aerotek is correct, however, that Navistar's termination of plaintiff's Navistar assignment means that plaintiff cannot sustain an interference claim against Aerotek based on Aerotek's

---

[1] The court detailed the factual history in the March 22, 2016, opinion, and assumes familiarity with that background.

termination of her employment. Her employment term ended when Navistar decided to end her assignment. An employee is not entitled to any "right, benefit, or position of employment . . . if she would have been fired regardless of whether she took [FMLA leave]." Goelzer v. Sheboygan Cnty., Wis., 604 F.3d 987, 993 (7th Cir. 2010) (citing 29 U.S.C. § 2614(a)(3)(B) & 29 C.F.R. § 825.216(a)). This also applies to FMLA leave requests. Ransel v. CRST Lincoln Sales, Inc., 2014 WL 1207432, at *4 (N.D. Ind. 2014) (holding that "the FMLA does not guarantee continued employment where an individual would have been fired regardless of their request for FMLA leave." (citing Goelzer, 604 F.3d at 993)).

Indeed, the Department of Labor's regulations interpreting the FMLA provide three non-exhaustive examples of when an employer may properly terminate an employee without violating the FMLA, even though the employee is engaged in the FMLA process. 29 C.F.R. § 825.216(a). Two of these examples are directly relevant to the instant case. First, 29 C.F.R. § 825.216(a)(1) states

> If an employee is laid off during the course of taking FMLA leave and employment is terminated, the employer's responsibility to continue FMLA leave, maintain group health plan benefits and restore the employee cease at the time the employee is laid off, provided the employer has no continuing obligations under a collective bargaining agreement or otherwise. An employer would have the burden of proving that an employee would have been laid off during the FMLA leave period and, therefore, would not be entitled to restoration.

Second, and more akin to the instant case, "[i]f an employee was hired for a specific term or only to perform work on a discrete project, the employer has no obligation to restore the employee if the employment term or project is over and the employer would not otherwise have continued to employ the employee." 29 C.F.R. § 825.216(a)(3).

In the instant case, Aerotek employed plaintiff as an at-will employee, for a specific assignment at Navistar. Aerotek terminated plaintiff because her Navistar assignment, the sole reason for Aerotek employing her, had ended. After her Navistar assignment concluded, plaintiff no longer had any "right, benefit, or position of employment" with Aerotek because her discrete project was over. <u>Goelzer</u>, 604 F.3d at 993; <u>see</u> <u>also</u> 29 C.F.R. § 825.216(a)(3). Consequently, upon reconsideration, Aerotek's motion is granted as to Count I, and plaintiff's motion is denied. Judgment is entered in favor of Aerotek and against plaintiff on all counts.

**ENTER:** **August 2, 2016**

_____
**Robert W. Gettleman**
**United States District Judge**